KENNETH M. WEBSTER, ESQ.
Nevada Bar No.: 7205
CASEY W. TYLER, ESQ.
Nevada Bar No.: 9706
HALL PRANGLE & SCHOONVELD, LLC
1160 N. Town Center Dr., Ste. 200
Las Vegas, NV 89144
(702) 889-6400 – Office
(702) 384-6025 – Facsimile
Email: efile@hpslaw.com
*Attorneys for Defendants*
*Valley Health System, LLC, d/b/a*
*Centennial Hills Hospital Medical Center*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMY VILELA, an individual; JOZETTE FIGUEREDO, an individual; AMY VILELA, as Special Administrator of the Estate of SHALYNNE RAMOS,<br><br>Plaintiffs,<br><br>vs.<br><br>VALLEY HEALTH SYSTEM, LLC, d/b/a CENTENNIAL HILLS HOSPITAL MEDICAL CENTER, a Nevada Limited Liability Company; UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., a Delaware corporation; VALLEY HOSPITAL MEDICAL CENTER, INC., a Nevada Corporation; EMCARE, INC., a Delaware Corporation; TANYA NETZ PAC; JILL MCATEE, RN; DOE DEFENDANTS I through X, inclusive; ROE NURSES I through XX, inclusive; ZOE HOSPITALS or OTHER MEDICAL FACILITIES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO.: 2:16-cv-01503-RFB-CVH<br><br>**DEFENDANT CENTENNIAL HILLS HOSPITAL'S MOTION TO FILE MEDICAL RECORDS UNDER SEAL** |

Defendant VALLEY HEALTH SYSTEM, LLC, d/b/a CENTENNIAL HILLS HOSPITAL MEDICAL CENTER ("Centennial Hills Hospital") hereby moves the Court for an

order allowing it to file under seal the medical records referenced to as Exhibit A to Centennial Hills Hospital's Motion to Dismiss (Doc. # 14).

## I.
## ARGUMENT

Plaintiffs' allegations center around medical care provided to decedent Shalynne Ramos ("Ramos"). In the interest of appropriately protecting Ramos's privacy while allowing for a fair adjudication of this case, the Court should permit those records to be filed under seal.

Any party seeking to preserve the secrecy of a document must articulate "compelling reasons" as to why the document should be protected against public disclosure notwithstanding the general presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). "Compelling reasons" must be shown to maintain the secrecy of material attached to dispositive motions, rather than the "good cause" showing required to seal documents filed in a non-dispositive motion context. *Id.* at 1179.

The United States Supreme Court recognizes a privacy interest in the specific context of medical records. *Whalen v. Roe*, 429 U.S. 589, 599–600 (1977); *see also Griswold v. Connecticut*, 381 U.S. 479, 484 (1965) (right to privacy is implied in the First, Third, Fourth, Fifth and Ninth Amendments); *accord Doe v. Attorney General*, 941 F.2d 780, 795–96 (9th Cir. 1991) (establishing that information regarding a person's HIV status would fall within the ambit of the privacy protection afforded medical information); *accord Caesar v. Mountanos*, 542 F.2d 1064, 1067 n.9 (9th Cir. 1997) (holding that the right to privacy encompasses doctor-patient and psychotherapist-patient relationship). Moreover, the Health Insurance Portability and Accountability Act ("HIPPA") recognizes the important public and private interests in protecting medical records from wholesale public disclosure. *See e.g.* 45 CFR 164.512(e)(1)(v).

Consistently with these principles, federal courts routinely permit medical records to be filed under seal. *See, e.g., Lombardi v. TriWest Healthcare Alliance Corp.*, Case No. CV 08-02381, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009) (allowing the defendant to file exhibits under seal where they contained "sensitive personal and medical information" and citing *Kamakana*, 447 F.3d at 1179); *Montin v. Ramsey*, Case No. CV 08–3082, 2009 WL 2225621, *2

(D. Neb. July 16, 2009) (allowing a reply brief and exhibits to be filed under seal where they contained medical and treatment records); *accord Skinner v. Ashan*, Case No. CV 04–2380, 2007 WL 708972, *2 (D.N.J. Mar. 2, 2007) (observing that medical records "have long been recognized as confidential in nature").

Here, Plaintiff's claims are directly related to medical care provided to Ramos. Records reflecting the specifics of the care provided to Ramos are therefore inextricably relevant, and the Court must consider them in order to appropriately evaluate the merit of Plaintiffs' claims. By permitting Centennial Hills Hospital to file these documents under seal, the Court will appropriately protect Ramos's privacy and ensure compliance with HIPAA while simultaneously allowing the parties and the Court to evaluate all of the facts relevant to this case. The public has no appreciable interest in having access to Ramos's private medical records. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (holding that a court evaluating a motion to seal must balance the public interest in understanding the judicial process against reasonable privacy interests). The Court should therefore permit Ramos's medical records to be filed under seal.

## II.
## CONCLUSION

Based on the foregoing, Defendants respectfully request this Court issue an Order permitting Centennial Hills Hospital to file under seal Exhibit A to its Motion to Dismiss.

DATED this 24th day of October, 2016.

HALL PRANGLE & SCHOONVELD, LLC

IT IS SO ORDERED.

DATED: October 25, 2016

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE

KENNETH M. WEBSTER, ESQ.
Nevada Bar No.: 7205
CASEY W. TYLER, ESQ.
Nevada Bar No.: 9706
1160 N. Town Center Dr., Ste. 200
Las Vegas, NV 89144
*Attorneys for Defendants*
*Valley Health System, LLC,*
*d/b/a Centennial Hills Hospital Medical Center*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of HALL PRANGLE & SCHOONVELD, LLC; that on the 24th day of October, 2016 I served a true and correct copy of the foregoing **DEFENDANT CENTENNIAL HILLS HOSPITAL'S MOTION TO FILE MEDICAL RECORDS UNDER SEAL** via the E-Service Master List for the above referenced matter in the United States District Court, District of Nevada (Las Vegas) e-filing System in accordance with the electronic service requirements of Administrative Order 14-2 and the Nevada Electronic Filing and Conversion Rules to the following:

Casey D. Gish, Esq.
THE LAW OFFICE OF CASEY D. GISH
5940 S. Rainbow Blvd.
Las Vegas, NV 89118
*Attorney for Plaintiffs*

John H. Cotton, Esq.
Melanie B. Chapman, Esq.
JOHN H. COTTON & ASSOCIATES, LTD.
7900 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorneys for Defendant Tanya Netz*

_/s/ signature_
An employee of HALL PRANGLE & SCHOONVELD, LLC

4817-9914-7323, v. 1